# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 27, 2010

## GENE SHELTON RUCKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 274427      Barry A. Steelman, Judge**

---

**No. E2010-00440-CCA-R3-HC - Filed November 1, 2010**

---

The Petitioner, Gene Shelton Rucker, appeals as of right from the Hamilton County Criminal Court's dismissal of his petition for a writ of habeas corpus. The Petitioner contends that his sentence was enhanced in violation of his Sixth Amendment rights. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Gene Shelton Rucker, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, attorneys for the appellee, State of Tennessee.

## OPINION

The record reflects that on November 1, 2001, the Petitioner was convicted of aggravated arson and criminally negligent homicide. The trial court sentenced the Petitioner to 22 years for the aggravated arson conviction and two years for the criminally negligent homicide conviction. The trial court order the sentences to be served concurrently for an effective sentence of 22 years. This court affirmed the Petitioner's convictions and sentence on direct appeal. State v. Gene Shelton Rucker, Jr., No. E2002-02101-CCA-R3-CD, 2004 WL 2827004 (Tenn. Crim. App. Dec. 9, 2004), perm. app. denied (Tenn. March 21, 2005). On December 6, 2006, the Petitioner filed an "amended" petition for post-conviction relief. The Petitioner had never filed an original petition; therefore, the post-conviction court treated the "amended" petition as the Petitioner's first filing for post-conviction relief. The post-

conviction court held that the petition was barred by the statute of limitations, and this court affirmed the decision. Gene S. Rucker v. State, No. E2007-00380-CCA-R3-PC, 2007 WL 2405133 (Tenn. Crim. App. Aug. 24, 2007). On January 4, 2010, the Petitioner filed a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02. The lower court treated this motion as a motion for writ of habeas corpus and denied relief without an evidentiary hearing.

## ANALYSIS

The Petitioner contends that his sentence was illegally enhanced due to the trial court's use of enhancement factors not found beyond a reasonable doubt by a jury. The Petitioner contends that the trial court's actions violated his Sixth Amendment right to trial by a jury pursuant to the rule announced by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004). Therefore, the Petitioner argues, his sentence should be reduced to the minimum 15 years. The State responds that a Blakely claim is not cognizable in a habeas corpus case because the claim, even if proven, would merely render the judgment voidable and not void. Therefore, the State responds, the habeas corpus court was correct in denying the Petitioner's request.

The judgments at issue in this matter are judgments of conviction; therefore, the Petitioner's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced because the Rules of Civil Procedure are limited in their application to civil matters. See Tenn. R. Civ. P. 1; see also State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996) (stating that because the initial proceeding by which a habitual motor vehicle offender order is entered is civil in nature any challenge to the order is governed by the Tennessee Rules of Civil Procedure). Instead, "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus . . . ." Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005). The trial court properly noted that a writ of habeas corpus is available "although no application be made therefor" to remedy an illegal imprisonment or restraint on liberty. Tenn. Code Ann. § 29-21-104.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See

Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The Petitioner only challenges the legality of the judgment against him due to the alleged Blakely violation in his sentencing. We note that claims that a sentence was enhanced in violation of a petitioner's Sixth Amendment rights have been repeatedly held to be inappropriate for habeas corpus review. See, e.g., Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, 2008 WL 2687698, at *2 (Tenn. Crim. App. July 2, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App. Mar. 27, 2008), perm. app. denied (Tenn. Sept. 29, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App. Nov. 13, 2007), perm. app. denied (Tenn. Apr. 7, 2008). Accordingly, we affirm the judgment of the habeas corpus court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE