**STATE of Tennessee, Appellee,**

v.

**Jonathan MALADY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 26, 1996.

Robert M. Brannon, Jr., Memphis, for appellant.

Charles W. Burson, Attorney General and Reporter, Hunt S. Brown, Attorney General's Office, Nashville, John W. Pierotti, District Attorney General, Charles Bell, Assistant District Attorney, Criminal Justice Complex, Memphis, for appellee.

## OPINION

LYNN W. BROWN, Special Judge.

The appellant, Jonathan D. Malady, appeals from an order of the trial court declaring him to be an habitual offender pursuant to the Motor Vehicle Habitual Offenders Act, T.C.A. 55–10–601, *et seq.* We affirm the judgment of the trial court and remand for the proper entry of judgment.

The appellant raises four issues, claiming: 1) the Motor Vehicle Habitual Offender Act is unconstitutionally ambiguous and vague; 2) the finding of appellant to be an habitual offender constituted a violation of double jeopardy; 3) he was improperly denied a jury trial; and 4) the trial court did not properly consider principles of equity when it determined him to be an habitual offender. In addition, this court will address the issue of the technical validity of the judgment of the trial court.

The appellant does not contest the facts in this case, that he had been convicted of the following qualifying motor vehicle offenses:

(1) reckless driving in violation of T.C.A. 55–10–205 on August 31, 1989;

(2) driving while under the influence of an intoxicant in violation of T.C.A. 55–10–401 on December 12, 1990; and

(3) another driving while under the influence of an intoxicant on March 23, 1994.

### I. Constitutional Vagueness of the Statute.

T.C.A. 55–10–603(2)(A) defines a motor vehicle habitual offender as follows:

Any person who, during a three-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; any person who, during a five-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; or any person who, during a ten-year period, is convicted in a Tennessee court or courts of five (5) or

more of the following offenses; provided, that if the five- or ten-year period is used, one (1) of such offenses occurred after July 1, 1991.

Each of the convictions to which the appellant admits is among those listed in the statute. As such the appellant qualifies as an habitual motor offender pursuant to T.C.A. 55–10–603(2)(A) by having been convicted of three separate offenses provided in the statute within a five year period, the last conviction occurring after July 1, 1991.

The appellant, however, characterizes the language of the statute quoted above as being inconsistent, ambiguous, and vague in its meaning. He asks this court to declare it unconstitutionally void for vagueness as violative of the due process clause of the 14th Amendment to the United States Constitution.

■■■ A basic principle of due process is that an enactment whose prohibitions are not sufficiently clearly defined is void for vagueness. The language of a penal statute must be clear and concise to give sufficient warning so that people may avoid the conduct which is forbidden. Also, the language and actual words of a statute must "be taken in their natural and ordinary sense without a forced construction to limit or extend their meaning." *State v. Thomas*, 635 S.W.2d 114, 116 (Tenn.1982), citing *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972), and *Ellenburg v. State*, 215 Tenn. 153, 384 S.W.2d 29, 30 (1964).

■■■ The statutory provision quoted above, when read in its natural and ordinary sense creates three categories of habitual offenders: (1) a person with three qualifying convictions in a three-year period; (2) a person with three qualifying convictions in a five-year period only if at least one of the convictions occurred after July 1, 1991; and (3) a person with five qualifying convictions in a ten-year period only if at least one of the convictions occurred after July 1, 1991. There is nothing inconsistent or ambiguous about the statute. We conclude that the statute is not unconstitutionally void for vagueness.

A brief look at the legislative history of this statute explains its present form. Before 1992 only the first category was included in the statute. However, the legislature in that year amended the statute to include the second and third categories. 1992 Public Acts of Tennessee, Chapter 936, effective July 1, 1992. By providing that the latter two categories of habitual motor offender require a conviction occurring after July 1, 1991, the legislature apparently attempted to prevent ex post facto attacks on judgments entered pursuant to the revised statute.

## II. Double Jeopardy

■■■ The petitioner asserts that having been previously convicted of the offenses which form the basis for adjudicating him to be an habitual motor offender, the double jeopardy provisions of the State and Federal Constitutions prohibit the additional punishment of habitual offender status. It has long been established that both the State and Federal Constitutions protect against the "peril of both a second punishment and a second trial for the same offense." *Whitwell v. State*, 520 S.W.2d 338, 341 (Tenn.1975); *State v. Smith*, 810 S.W.2d 155 (Tenn.Crim. App.1991). However, the appellant candidly admits that the Tennessee Supreme Court has ruled contrary to his position. *State v. Conley*, 639 S.W.2d 435, 437 (Tenn.1982) holds that

the revocation of all driving privileges of one declared to be an habitual offender under the Act is nothing more than the deprivation of a privilege, is "remedial in nature," and is not intended to have the effect of imposing "punishment" in order to vindicate public justice.

Therefore, the declaration of an individual to be an habitual offender and the removal of his driving privileges "does not subject him to double jeopardy." *Id.* We have considered the authority cited by the appellant pertaining to forfeitures and double jeopardy, but find none of such to be pertinent to this issue. The driving of an automobile upon a public road is a privilege, not a property right. *Sullins v. Butler et al.*, 175 Tenn. 468, 135 S.W.2d 930 (1940). There was no violation of double jeopardy in the declara-

tion of the petitioner to be an habitual motor offender.

### III. Right to Trial by Jury.

■ The appellant contends that he was entitled to a trial by jury in this case as guaranteed by Article I, Section 6 of the Constitution of the State of Tennessee, 1870, which provides that "the right of trial by jury shall remain inviolate." He is correct in stating that proceedings under the Motor Vehicle Habitual Offender Act are civil in nature. *Everhart v. State,* 563 S.W.2d 795 (Tenn.Crim.App.1978). Furthermore the act itself provides that a defendant has the right to demand a jury trial for any disputed issues. T.C.A. 55–10–611. In this case the appellant did not allege that there were any disputed issued of fact in the trial court. He admitted to the three convictions within a five-year period. Since there were no factual disputes, the trial court was acting within his authority under T.C.A. 55–10–610 to "render an order or judgment as may be appropriate without the intervention of a jury."

This is the same procedure as would occur in any civil case. The Tennessee Rules of Civil Procedure, Rule 56, provides for a motion for summary judgment. Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue regarding any material fact, and that the moving party is entitled to a judgment as a matter of law. *Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476 (Tenn.App. 1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). *Daniels v. White Consolidated Industries, Inc.,* 692 S.W.2d 422 (Tenn.App.1985).

■ The right to trial by jury under the Tennessee Constitutions of 1796 and 1834 was stated exactly as it is found in present constitution. It has long been established that the right of trial by jury sanctioned and secured by this constitutional provision is a right to trial by jury as it existed and was in force and use according to the course of the common law under the laws and Constitution of North Carolina at the time of the formation and adoption of the Tennessee Constitution in 1796. *McGinnis v. State,* 28 Tenn. 43 (1848), *Trigally v. City of Memphis,* 46 Tenn.

382 (1869), *Grooms v. State,* 221 Tenn. 243, 426 S.W.2d 176 (1968). Where, however, there is no dispute regarding the facts, which are legally apparent, the judge without intervention of a jury, applies the law to the facts, and renders judgment accordingly. *Sevier v. The Justices of Washington County,* 7 Tenn. 334, 339 (1824). Entry of summary judgment does not amount to an improper denial of the right to trial by jury where there is no genuine issue as to any material fact. *Union Planters National Bank v. Inman,* 588 S.W.2d 757 (Tenn.App.1979). Since there was no dispute regarding the facts of this case, the appellant had no right to trial by jury under the Tennessee Constitution.

### IV. Principles of Equity

■ The appellant contends that because proceedings pursuant to the Motor Vehicle Habitual Offender Act are civil in nature, the trial court erred in refusing to consider principles of equity in deciding whether to declare him an habitual offender.

T.C.A. 55–10–613(a) states as follows:

If the court finds that the defendant is not an habitual offender, the proceeding shall be dismissed, but if the court finds that such defendant is an habitual offender, the court *shall* make an order directing that such person shall not operate a motor vehicle on the highways of this state and that such person shall surrender to the court all licenses to operate a motor vehicle upon the highways of this state. (emphasis added).

When the word "shall" is used in a statutory provision, it is to be construed as mandatory and not discretionary. *Gabel v. Lerma,* 812 S.W.2d 580 (Tenn.App.1990). See also *State v. Gurley,* 691 S.W.2d 562 (Tenn.Crim.App. 1984), holding the legislature's use of the words "shall" and "day for day" imposes a mandatory sentence upon DUI offenders. We conclude that the use of the word "shall" by the legislature removes all discretion from the trial court as to the decision to revoke a person's license to drive once the determination that he is an habitual offender has been made. The sanction of declaring an individual to be an habitual offender is not a matter affected by principles of equity.

## V. Validity of the Judgment.

■ There remains another issue not raised by the parties which should be addressed. The judgment of the trial court is signed only by the judge. It contains neither the signatures of the respective counsel for the parties nor a certificate by counsel or the clerk. A proceeding under the Motor Vehicle Habitual Offender Act is civil in nature and therefore is governed by the Tennessee Rules of Civil Procedure. See *Everhart v. State,* 563 S.W.2d 795 (Tenn.Crim.App.1978). *Bankston v. State,* 815 S.W.2d 213 (Tenn. Crim.App.1991). Rule 58 Tennessee Rules of Civil Procedure provides in part:

> Entry of the judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all the parties or counsel; or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel; or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel....

As a result of this omission, the judgment of the trial court finding the appellant to be an habitual offender was never properly entered or in effect. *State v. Jacks,* No. 03C01–9108–CR–00256, 1992 WL 84220 (Tenn.Crim.App. at Knoxville, Apr. 28, 1992); *Grantham v. Tennessee State Board of Equalization,* 794 S.W.2d 751 (Tenn.App. 1990). On remand the trial court should require that the judgment be entered pursuant to Rule 58.

Accordingly, the judgment of the trial court is affirmed and the case remanded for proper entry of judgment.

HAYES and SMITH, JJ., concur.