IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 10, 2001 Session

**STATE OF TENNESSEE v. PAUL C. MICHAEL**

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1316     Joseph Walker, III, Judge**

**No. W2000-03015-CCA-R3-CD  - Filed January 8, 2002**

On October 19, 2000, the appellant, Paul C. Michael, was convicted by a McNairy County jury of violating the provisions of Tennessee Code Annotated Section 55-10-616, a section of the Motor Vehicle Habitual Offender Act.  On November 22, 2000, he was sentenced to two years incarceration suspended after service of ninety days.  He brings this appeal claiming his conviction is invalid because the order declaring him an habitual motor vehicle offender was not properly entered pursuant to Tennessee Rule Civil Procedure 58.  We hold that an individual must utilize the provisions of Tennessee Rule of Civil Procedure 60.02 to challenge an order declaring the individual an habitual motor vehicle offender.  Because the appellant herein did not mount his attack on such an order pursuant to Rule 60.02 the appellant cannot obtain relief.  Moreover, the unreasonable amount of time the appellant waited to mount his challenge after having actual notice of the order declaring him an habitual motor vehicle offender precludes relief pursuant to Rule 60.02.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and ALAN E. GLENN, JJ., joined.

Angela R. Scott, Henderson, Tennessee, for appellant, Paul C. Michael.

Paul G. Summers, Attorney General & Reporter; Laura McMullen Ford, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Jerry Norwood, Assistant District Attorney, for appellee, State of Tennessee.

**OPINION**

**FACTS**

On September 22, 1994, the appellant was served with a petition to be declared an habitual motor vehicle offender.  The appellant filed an answer on September 26, 1994.  A hearing was held,

and the appellant was declared an habitual offender. He was present during the hearing and was represented by counsel. On December 20, 1994, an order was issued declaring the appellant to be an habitual offender under the Motor Vehicle Habitual Offender Act. It is undisputed that only the judge signed the order, and there is no record of a certificate of service by the clerk of court or of either counsel.

The Department of Safety's records reflect that notice of revocation of the appellant's driver's license for being an habitual offender was mailed to him. In June 1996, the appellant pleaded guilty to two counts for violating the Motor Vehicle Habitual Offender Act. On June 21, 1996, he was ordered to serve his one-year sentence for violating the Motor Vehicle Habitual Offender Act at an alternate sentencing program.

On May 12, 1999, Sergeant Holly of the Selmer Police Department cited the appellant for driving on a revoked driver's license and operating a motor vehicle after being declared an habitual motor vehicle offender. Following his conviction at a jury trial on October 19, 2000, the appellant claimed that the order declaring him an habitual motor vehicle offender was not in effect pursuant to Tennessee Rule of Civil Procedure 58 and that his conviction was therefore invalid.

## HABITUAL MOTOR VEHICLE OFFENDER AND THE TENNESSEE RULES OF CIVIL PROCEDURE

Tennessee Code Annotated Section 55-10-603 defines certain repeat motor vehicle offenders as habitual offenders. Upon a finding that an individual is an habitual motor vehicle offender, a trial court must enter an order declaring the individual as such and directing the Department of Safety to revoke the individual's driver's license. Tenn. Code Ann. § 55-10-613. Tennessee Code Annotated Section 55-10-616(b) provides that a person who is convicted of operating a motor vehicle while an order declaring him/her to be an habitual offender is in effect is guilty of a Class E felony.

Although prosecutions under Tennessee Code Annotated Section 55-10-616(b) are criminal, the initial proceedings to declare a person an habitual motor vehicle offender are civil and are governed by the Tennessee Rules of Civil Procedure. State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). Tennessee Rule of Civil Procedure 58 provides:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry: (1) the signatures of the judge and all parties or counsel, or (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or (3) the signature of

the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

As noted earlier the order declaring the appellant an habitual motor vehicle is signed by the trial judge alone and does not have any certificate of service by either the attorneys or the court clerk. It therefore obviously does not comport with Rule 58. This Court has held that if it is to form the basis of a conviction under Tennessee Code Annotated Section 55-10-616(b), an order declaring an individual as an habitual motor vehicle offender must comport with Rule 58. State v. Robert Edward Boling, No. 03C01-9511-CC-00347, 1997 WL 154076 (Tenn. Crim. App. at Knoxville, Apr. 3, 1997); State v. Donnie M. Jacks, No. 03C01-9108-CR-00256, 1992 WL 84220 (Tenn. Crim. App. at Knoxville, Apr. 28, 1992).

While it might thus appear that the discussion above would warrant the appellant's obtaining relief from his conviction, our analysis does not end at this point. In Bankston, 815 S.W.2d at 216, and Jacks, 1992 WL 84220, this Court held that the appropriate procedure for challenging a judgment declaring a person an habitual motor vehicle offender is a motion pursuant to Tennessee Rule of Civil Procedure 60.02 which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation or the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

In both Jacks and Boling the appellants obtained relief from their convictions by utilizing Rule 60.02 to set aside the initial order declaring them habitual motor vehicle offenders. In the instant case, however, the appellant has not moved pursuant to Rule 60.02 to set aside the underlying order declaring him an habitual offender. He instead waited until after the jury returned a conviction under Tennessee Code Annotated Section 55-10-616(b) and then moved for a judgment of acquittal. He may not obtain relief in this manner.

Further, it appears that the appellant has actual notice of the order declaring him an habitual motor vehicle offender. The appellant had twice previously been convicted of driving while an habitual offender order was in effect, and yet he waited over five years to mount any attack on the initial order. Under almost identical circumstances this Court has held that even a Rule 60.02 motion

was filed unreasonably late under the rule and cannot afford a basis for relief.  State v. Michael Samuel Eidson, No. 03C01-9711-CR-00506, 1999 WL 160944 (Tenn. Crim. App. at Knoxville, Mar. 24, 1999).

Accordingly, the judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE