IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 12, 2006 Session

## STATE OF TENNESSEE v. JOSEPH KEVAN CLARK

**Appeal from the Circuit Court for Dyer County**
**No. C05-85    Lee Moore, Judge**

---

**No. W2006-00245-CCA-R3-CD  - Filed November 7, 2006**

---

On July 21, 2005, the appellant, Joseph Kevan Clark, was convicted by a Dyer County jury of violating Tennessee Code Annotated section 55-10-616, a section of the Motor Vehicle Habitual Offender Act.  On September 27, 2005, the appellant was sentenced to five years' incarceration as a Range III offender.  He appeals the judgment, contending that his conviction is invalid because the underlying order declaring him to be a motor vehicle habitual offender was not properly entered pursuant to Tennessee Rule of Civil Procedure 58.  Because we have previously held that an individual must utilize the provisions of Tennessee Rule of Civil Procedure 60.02 to challenge an order declaring the individual to be a motor vehicle habitual offender, we affirm the judgment of the trial court.  The appellant also contends that the five-year sentence imposed by the trial court was excessive.  Because the trial court appropriately considered both mitigating and enhancement factors, we affirm the sentence imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Jim W. Horner, District Public Defender  and H. Tod Taylor, Assistant Public Defender, at trial, for the appellant, Joseph Kevan Clark.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Phillip Bivens, District Attorney General and Charles Dyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 8, 1989, an order was issued declaring the appellant a motor vehicle habitual offender (MVHO) pursuant to Tennessee Code Annotated section 55-10-613.  It is undisputed that

this order contains only the signature of the issuing judge. There is no record of a certificate of either counsel or a certificate of the clerk of court.

Between the entry of the MVHO order and this case, the appellant had no fewer than five judgments entered against him for driving while under an MVHO order. Despite its formal flaws, the appellant did not challenge the validity of the underlying order at any of these prosecutions.

On April 11, 2004, a grand jury indicted the appellant for operating a motor vehicle after being declared a habitual offender, a violation of Tennessee Code Annotated section 55-10-616. At his trial, after the State presented its case in chief, the appellant moved for a judgment of acquittal on the grounds that the underlying habitual offender order was invalid under Tennessee Rule of Civil Procedure 58. Because the appellant had notice of his habitual offender status, by virtue of his five prior convictions for driving while a habitual offender, the trial court denied the appellant's motion for judgment of acquittal. During his testimony, the appellant confirmed that he was aware he had been declared a habitual offender.

Before jury deliberation, the appellant requested that the jury be instructed as to the requirements for an effective habitual offender order. This motion was denied. On July 21, 2005, the jury found the appellant guilty of operating a motor vehicle after being declared a habitual offender. The appellant was subsequently sentenced to five years' incarceration as a Range III persistent offender. See Tenn. Code Ann. § 40-35-107.

The appellant filed a renewed motion for judgment of acquittal on October 6, 2005, arguing that the underlying order did not provide a legal basis for his conviction because it is invalid under Tennessee Rule of Civil Procedure 58. At that time the appellant also moved for a new trial and an arrest of judgment.

On October 27, the appellant filed a supplemental motion for judgment of acquittal, new trial, and arrest of judgment. In this supplemental motion, the appellant claimed that the trial court had erred in refusing to grant his motion for a special jury instruction. Following a hearing, the trial court denied the appellant's motions on November 8. The order specifically noted that the appellant had notice of his status as a habitual offender, and that the appellant could not collaterally attack the underlying order "in this manner."

On appeal, the appellant contends that the trial court erred in finding that the underlying order was a legally effective basis for his conviction. He also contends that the trial court erred in refusing to grant a special jury instruction concerning the prerequisites of a valid order under Tennessee Rule of Civil Procedure 58. Finally, the appellant contends that the five-year sentence imposed by the trial court is excessive.

## II. Analysis
### A. Habitual Motor Vehicle Offender and the Tennessee Rules of Civil Procedure

Tennessee Code Annotated section 55-10-603 defines certain repeat motor vehicle offenders as "habitual offender[s]." Upon a finding that an individual is a habitual offender, a trial court must enter an order declaring the individual as such and directing the Department of Safety to revoke the individual's driver's license. Tenn. Code Ann. § 55-10-613. Tennessee Code Annotated section 55-10-616(b) provides that it is a Class E felony for an individual to operate a motor vehicle while an order declaring him/her to be a habitual offender is in effect.

Although prosecutions under Tennessee Code Annotated Section 55-10-616(b) are criminal, the initial proceedings to declare a person an MVHO are civil and are governed by the Tennessee Rules of Civil Procedure. State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). Tennessee Rule of Civil Procedure 58 provides:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Therefore, a habitual offender order must comport with Rule 58 if it is to form the basis for a conviction under Tennessee Code Annotated section 55-10-616. State v. Paul C. Michael, No. W2000-03015-CCA-R3-CD, 2002 WL 1558506 (Tenn. Crim. App., at Jackson, Jan. 8, 2002); State v. Robert Edward Boling, No. 03C01-9511-CC-00347, 1997 WL 154076 (Tenn. Crim. App., at Knoxville, Apr. 3, 1997); State v. Donnie M. Jacks, No. 03C01-9108-CR-00256, 1992 WL 84220 (Tenn. Crim. App., at Knoxville, Apr. 28, 1992).

Because habitual offender orders are governed by Tennessee Rule of Civil Procedure 58, the appropriate procedure for challenging a habitual offender order in Tennessee is to file a motion pursuant to Tennessee Rule of Civil Procedure 60.02. Bankston v. State, 815 S.W.2d at 216. Rule 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Accordingly, a defendant who is prosecuted under Tennessee Code Annotated section 55-10-616 can only obtain relief from an underlying habitual offender order if the defendant moves to set that order aside pursuant to Rule 60. Donnie M. Jacks, 1992 WL 84220, at *1.

Rule 60.02 motions cannot afford a basis for relief if filed unreasonably late. Paul C. Michael, 2002 WL 1558506, at \*3; State v. Michael Samuel Eidson, No. 03C01-9711-CR-00506, 1999 WL 160944, at \*2 (Tenn. Crim. App., at Knoxville, Mar. 24, 1999). "The delay may be unreasonable where the defendant knows of the judgment against him and offers no reason for his failure to timely challenge the judgment." Michael Samuel Eidson, 1999 WL 160944, at \*2 (citing Magnavox Co. v. Boles & Hite Constr. Co., 583 S.W.2d 611, 613-14 (Tenn. Ct. App. 1979)).

Our decision in Paul C. Michael, 2002 WL 155806, is dispositive of the issue before this Court. In that case, the defendant was convicted for violating Tennessee Code Annotated Section 55-10-616, but the underlying habitual offender order had been improperly entered under Rule 58. Id. at \*1. The defendant had twice been convicted of operating a motor vehicle while under the habitual offender order, but at no time did he raise a Rule 60.02 motion to challenge the order. Id. at \*3. Rather, like the appellant in the case sub judice, the defendant moved for a judgment of acquittal at his trial. Id. Because the defendant failed to challenge the order pursuant to Rule 60.02, we affirmed his conviction. Id.

Turning to the appellant's claim, the appellant is correct that the underlying habitual offender order is formally insufficient under Rule 58 because it contains only the signature of the issuing judge. However, despite having notice of his status as a habitual offender for more than a decade, the appellant has never challenged the order by filing a Rule 60.02 motion. Rather, like the defendant in Paul C. Michael, the appellant attempted to collaterally attack the order by moving for a judgment of acquittal, both during and after his trial for driving while adjudged as a habitual motor vehicle offender. As we concluded in the case of Paul C. Michael, the appellant "may not obtain relief in this manner." Id. at \*3.

Because the appellant failed to properly challenge the underlying order declaring him a habitual offender, we find that the order was a valid basis for his conviction and affirm the judgment of the trial court.

We also dismiss the appellant's contention that the trial court erred in refusing to issue a special jury instruction as to the prerequisites for a valid and effective judgment under the Tennessee Rules of Civil Procedure. In effect, the appellant requested an instruction that would have allowed the jury to decide on the legal validity of the order. The appellant's request for a special jury instruction represents an additional attempt to collaterally attack the validity of the underlying order, in lieu of a properly entered Rule 60.02 motion. Accordingly, we find no error in the trial court's refusal to instruct the jury as to the Rule 58 requirements for a valid and effective order.

**B. Sentencing**

Appellate review of the trial court's sentencing decision is conducted de novo on the record, but with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-410(d); State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The appellant has the burden of proving that the sentence imposed was improper. State v. Gray, 960 S.W.2d 598, 610 (Tenn. Crim. App. 1997); State v. Shropshire, 874 S.W.2d 634, 641 (Tenn. Crim. App. 1993); Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Because of his extensive prior criminal record, including five prior convictions for driving while a habitual offender, the appellant qualifies as a persistent Range III offender pursuant to Tennessee Code Annotated section 40-35-107. As a Range III offender convicted of a Class E felony, the appellant was eligible for four to six years of incarceration. Tenn. Code Ann. § 40-35-112(c)(5).

At the appellant's sentencing hearing, the trial court considered as a mitigating factor that the appellant's "criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). Pursuant to Tennessee Code Annotated section 40-35-114(2), the trial judge considered as an enhancement factor the appellant's extensive criminal history, which was recounted in the pre-sentence report. Taking these factors into account, and finding that the appellant's criminal history outweighed the only mitigating factor, the trial court sentenced the appellant to five years incarceration.

The appellant contends that the five-year sentence is excessive. Tennessee Code Annotated section 40-35-210(e) provides that when imposing a sentence, "the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, then reduce the sentence in the range as appropriate for the mitigating factors." Because he presented a mitigating factor, and because the court considered only one enhancement factor, the appellant argues that he should have been sentenced to the minimum in his range.

When imposing a sentence, trial judges are instructed to consider both mitigating and enhancement factors. Tenn. Code Ann. § 40-35-210(b)(5). However, "the weight given to any existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of sentencing and its findings are adequately supported by the record." Shropshire, 874 S.W.2d 634, 642. See also Tenn. Code Ann. 40-35-210, Sentencing Commission Comments ("The sentencing commission specifically did not designate any particular numeric value for the enhancement and mitigating factors.").

The trial court did not err by granting greater weight to the enhancement factor in this case. The appellant's extensive prior criminal history is adequately recounted in the pre-sentence report. The appellant has failed to meet his burden to show that the sentence was excessive. Accordingly, we affirm the sentence imposed by the trial court.


### III. Conclusion


Because the appellant failed to raise a timely Rule 60.02 challenge to the order declaring him a habitual offender, the trial court did not err in its judgment that the order provided a sufficient basis for the appellant's conviction. We therefore affirm the judgment of the trial court. We also affirm the trial court's decision to sentence the appellant to five years as a Range III offender.


_____
JERRY L. SMITH, JUDGE