IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**April 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9702-CR-00075 |
| | ) | |
| | ) | Roane County |
| v. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| | ) | |
| DENNIE RAY LODEN, | ) | (Habitual Motor Vehicle Offender) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Dennie Loden, Pro Se
104 Davis Hollow Road
Kingston, TN 37763

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General
        and
Frank A. Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The defendant, Dennie Ray Loden, appeals as of right from the judgment of the Roane County Criminal Court declaring him to be an Habitual Motor Vehicle Offender (HMVO) who is barred from driving. He contends that res judicata barred the trial court from declaring such status after a previous HMVO petition based upon the same predicate convictions had been dismissed. We affirm the trial court.

In 1994, the state filed a petition to have the defendant declared an habitual offender based upon two prior driving under the influence (DUI) and one driving on a revoked license convictions. Two of the convictions were still on appeal. The trial court dismissed the petition in an order that states in pertinent part:

> Based on the complaint of the State, the statements of counsel that two of the three convictions necessary to declare the Defendant an Habitual Motor Vehicle Offender are still on appeal, and the record as a whole the Court finds that the State has not carried its burden under the statute and the complaint is hereby **DISMISSED**.

After the two convictions were affirmed on appeal, the state brought another petition in 1996 that alleged the same three convictions as its predicate. The trial court declared the defendant to be an habitual offender.

The defendant rightly notes that an HMVO action is civil in nature and that civil procedural rules apply. See State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); Everhart v. State, 563 S.W.2d 795, 796-97 (Tenn. Crim. App. 1978).[1] He argues that the trial court's order constitutes an adjudication on the merits that bars a subsequent suit upon the same claim. He relies upon Rule 41.02, Tenn. R. Civ. P., which states in part:

---

[1] The court of criminal appeals has jurisdiction over appeals in HMVO actions. See T.C.A. § 55-10-616.

2

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

In response, the state first notes the sparseness of the record, which contains only the 1994 petition and order of dismissal and the 1996 petition and judgment. It asserts that upon such a record, there is no evidence that the defendant raised the issue of res judicata in the trial court. Second, it argues that the wording of the order specifies that it was not an adjudication on the merits. Third, it argues that res judicata does not apply because the convictions were not final and, thus, were not actually justiciable at the time of the first petition. Finally, it argues that a procedural rule should not be allowed to frustrate the important purpose and policy of the Habitual Motor Vehicle Offenders Act.

As for the state's last argument, we question whether the doctrine of res judicata is a procedural rule that may be ignored to serve public policy in some "ends justifying the means" fashion. Res judicata is, itself, a rule of public policy aimed at quieting legal disputes with reasonable expedition without being required to relitigate matters that should have been settled in former litigation. See Jordan v. Johns, 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935).

However, we agree with the state that under the record on appeal, the defendant has waived any res judicata claim. Pursuant to Rule 8.03, Tenn. R. Civ. P., res judicata is an affirmative defense that must be specifically raised. Absent any record that such a defense was raised and litigated in the trial court, we will consider it waived. There is no transcript of any trial court hearing nor any written response or pleading that reflects that the claim was presented to the trial court. In this respect, it was the defendant's responsibility, as the appellant, to insure that the record on appeal

3

contained all of the trial court actions and events needed to convey a fair, accurate and complete account of what transpired relative to the issue being appealed. <u>See</u> T.R.A.P. 24; <u>State v. Groseclose</u>, 615 S.W.2d 142, 147 (Tenn. 1981). Thus, even if the defendant did raise the matter in the trial court, the lack of a record on appeal of such matter requires us to presume that the trial court ruled correctly. <u>See</u> <u>State v. Jones</u>, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
William M. Barker, Judge

4