IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2012

## ANDRE L. MAYFIELD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 88-F-1762, IF5635, 89-W-222      Steve R. Dozier, Judge**

**No. M2012-00228-CCA-R3-HC - Filed October 26, 2012**

The Petitioner, Andre L. Mayfield, filed a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02 in the Davidson County Criminal Court. The lower court treated this motion as a petition for writ of habeas corpus and summarily dismissed it. In this appeal as of right, the Petitioner contends that his sentence is void because it is in violation of Tennessee Code Annotated section 40-20-111(b). Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Andre L. Mayfield, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

PROCEDURAL BACKGROUND

The present matter arrives at this court with a complex procedural history due in total to the Petitioner's litigious nature. According to the Petitioner's motion, in 1988 the Petitioner was arrested and charged with "[a]rmed [r]obbery." The Petitioner was released on bail and, a few months later, arrested and charged with receiving stolen property. The Petitioner was released on bail a second time and, undeterred by his prior arrests, was promptly arrested again and charged with burglary. In 1989, the Petitioner entered into a

negotiated plea agreement with the State. The Petitioner pled guilty to "[s]imple [r]obbery," receiving stolen property, and burglary. According to the plea agreement, the Petitioner received five-year sentences for the simple robbery and the receiving stolen property charges, and a three-year sentence for the burglary charge. Also pursuant to the plea agreement, the five-year sentences were to be served concurrently with each other and consecutively to the three-year sentence, for a total effective sentence of eight years.

In 1999, the Petitioner was convicted by a jury of two counts of aggravated kidnapping, one count of aggravated robbery, one count of aggravated rape, and one count of rape and received an effective fifty-year sentence. The Petitioner's "sentences for these crimes were enhanced on the basis of his 1989 convictions." Andre Mayfield v. Howard Carlton, Warden, No. E2004-01561-CCA-R3-HC, 2005 WL 394587, at *1 (Tenn. Crim. App. Feb. 18, 2005). In an apparent attempt to reduce the sentence for his 1999 convictions, the Petitioner has, since 2004, filed three petitions for writ of habeas corpus and one petition for post-conviction relief attacking his 1989 convictions.[1] All of the previous petitions have alleged that the sentences for the Petitioner's 1989 convictions are void because the five-year sentences were ordered to run concurrently in violation of Tennessee Code Annotated section 40-20-111(b)'s requirement that the sentence for a felony offense committed while a defendant is on bail for another offense must be served consecutively to the sentence for the original offense. All of the Petitioner's previous petitions have been denied. See Andre' L. Mayfield v. Jim Morrow, Warden, No. E2008-01801-CCA-R3-HC, 2009 WL 2870172 (Tenn. Crim. App. Sept. 8, 2009) (memorandum opinion), perm. app. denied, (Tenn. Mar. 15, 2010); Andre L. Mayfield v. Howard Carlton, Warden, No. M2006-00885-CCA-R3-HC, 2006 WL 3290818 (Tenn. Crim. App. Nov. 13, 2006) (memorandum opinion); Andre L. Mayfield v. State, No. M2005-01988-CCA-R3-PC, 2006 WL 1491630 (Tenn. Crim. App. May 31, 2006); Mayfield, 2005 WL 394587.

In an attempt to circumvent the procedural requirements for habeas corpus and post-conviction relief that had barred his previous petitions, on October 24, 2011, the Petitioner filed a pro se motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02. In the motion, the Petitioner raised the same argument addressed in all of his previous petitions attacking his 1989 convictions. On December 14, 2011, the lower court entered a written order treating the motion as a petition for writ of habeas corpus and summarily dismissing the petition. The habeas corpus court concluded that the Petitioner was no longer restrained of liberty from his 1989 convictions; therefore, habeas corpus relief was not applicable.

---

[1] The Petitioner has also filed three petitions for writ of habeas corpus, one petition for post-conviction relief, and one petition for writ of error coram nobis challenging his 1999 convictions.

ANALYSIS

The Petitioner contends that the habeas corpus court erred by treating his motion as a petition for writ of habeas corpus. The Petitioner further contends that the habeas corpus court erred by failing to notify him that it would treat his motion as a petition for writ of habeas corpus. The Petitioner also contends that the habeas corpus court should have treated his motion as a petition for post-conviction relief instead of as a petition for writ of habeas corpus. The State responds that the habeas corpus court properly treated the Petitioner's motion as a petition for writ of habeas corpus. The State further responds that the habeas corpus court did not err when it summarily dismissed the petition. The State also responds that the motion could not be treated as a petition for post-conviction relief because the Petitioner had previously filed a petition for post-conviction relief and that the statutes governing post-conviction relief only allow for one such petition.

Judgments of conviction, by their very nature, are criminal matters and are governed by the rules and statutes dealing with criminal procedure. The Petitioner's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced because the Rules of Civil Procedure are limited in their application to civil matters. See Tenn. R. Civ. P. 1; see also State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996) (stating that because the initial proceeding by which a habitual motor vehicle offender order is entered is civil in nature any challenge to the order is governed by the Tennessee Rules of Civil Procedure). The Rules of Civil Procedure have no bearing on criminal matters and cannot be used as a post-conviction method to challenge judgments of conviction. Instead, "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus . . . ." Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005).

A writ of habeas corpus is available "although no application be made therefor" to remedy an illegal imprisonment or restraint on liberty. Tenn. Code Ann. § 29-21-104. Here, the habeas corpus court properly treated the Petitioner's motion as a petition for writ of habeas corpus. With respect to the Petitioner's contention that the habeas corpus court erred by failing to notify him that it was treating his motion as a petition for writ of habeas corpus, we note that a court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). This court is aware of no requirement that a habeas corpus court must notify a petitioner before it treats a misfiled, mislabeled, or misguided pro se filing for what it actually is, a petition for writ of habeas corpus. Accordingly, we discern no error in the habeas corpus court's treatment of the motion as a petition for writ of habeas corpus or its failure to notify the Petitioner prior to such treatment.

Likewise, we discern no error in the habeas corpus court's summary dismissal of the petition. While we do not wish to belabor a point already repeatedly made by this court in the past, the Petitioner is no longer restrained of his liberty with regard to his 1989 convictions because "[t]hose sentences have long since expired." Mayfield, 2005 WL 394587, at *2 (citing Hickman, 153 S.W.3d at 23). Furthermore, "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Hickman, 153 S.W.3d at 23. Our supreme court has held that "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Id. Accordingly, the petition at issue here failed to state a cognizable claim for habeas corpus relief and was properly subjected to a summary dismissal.

With regard to the Petitioner's claim on appeal that his motion should have been treated as a petition for post-conviction relief, we agree with the State that this argument must fail. The Petitioner has previously filed a petition for post-conviction relief making the same arguments raised in the motion at issue here, and that petition was dismissed as time-barred. Mayfield, 2006 WL 1491630, at *1. The State is correct that only one petition for post-conviction relief may be filed and that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). Accordingly, we conclude that this issue is without merit.

Our prior assessment that the Petitioner "is no novice with regard to the filing of post-judgment proceedings" still stands. Mayfield, 2006 WL 1491630, at *1. The Petitioner has filed numerous petitions repeating the same claim over and over, resulting in needless and vexatious litigation in this court and the lower courts. The Petitioner appears to be operating under the misguided belief that if he continues to file petitions with no merit and cobble together quotations from varied legal authorities that he will eventually stumble upon a combination that will result in the dismissal of his 1989 convictions and an eventual reduction of the effective sentence for his 1999 convictions. However, given the fact that the Petitioner's sentences for his 1989 convictions expired long ago and that he has previously filed a petition for post-conviction relief which was ultimately denied, there is simply no legal remedy under Tennessee law available to the Petitioner that would grant the Petitioner his desired result. Accordingly, we affirm the judgment of the habeas corpus court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE