IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 3, 2015

## STATE OF TENNESSEE v. PATRICK GAIA

**Appeal from the Criminal Court for Shelby County**
**No. P40315     Chris Craft, Judge**

---

**No. W2015-00535-CCA-R3-CD  -  Filed January 14, 2016**

---

The defendant, Patrick Gaia, appeals the Shelby County Criminal Court's order declaring him a motor vehicle habitual offender ("MVHO"), arguing that the trial court erred by entering a default judgment where the State failed to comply with the terms of the MVHO statute and Tennessee Rules of Criminal Procedure for service of process. Because the record reflects that neither the State nor the trial court complied with the necessary procedural requirements, we vacate the judgment declaring the defendant an MVHO.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Claiborne Hambrick Ferguson, Memphis, Tennessee, for the appellant, Patrick Gaia.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 15, 2014, the State filed a petition pursuant to Tennessee Code Annotated sections 55-10-606 and -607 to have the defendant declared an MVHO. On September 23, 2014, the trial court issued a capias for the defendant, saying only, "It says not a local address. No, it says not locate. As to Gaia, unable to serve, cannot locate." In early 2015, attorney Claiborne Ferguson entered a notice of a limited, special appearance for the singular purpose of challenging the jurisdiction of the trial court, arguing that the defendant had not been properly served with the petition. No order disposing of the

defendant's initial request appears in the record, and the defendant was arrested on the capias on December 5, 2014.

On February 27, 2015, Mr. Ferguson again made a special, limited appearance to contest the jurisdiction of the trial court, again arguing that the defendant had not been served and that the trial court was without authority to issue the capias in the absence of service of process. The defendant never personally appeared in the trial court. The trial court recalled the capias but made no ruling on the issue of whether the defendant had been properly served. Instead, the court ordered the defendant to appear for a hearing on the State's petition, finding that the defendant "is aware of this proceeding and chooses not to come." The court warned that it would enter a default judgment should the defendant fail to appear at the hearing.

When the defendant failed to appear at the March 13, 2015 hearing on the State's petition, the trial court entered a default judgment. It is from this judgment that the defendant now appeals, claiming that the trial court erred by entering a default judgment because he was never served with the State's petition. On appeal, the State concedes that the trial court erred and asks this court to vacate the default judgment entered by the trial court.

Code section 55-10-608 provides:

> (a) Upon the filing of the petition, the court shall make an order directing the individual (defendant) named in the petition to appear before the court to show cause why the defendant should not be barred from operating a motor vehicle on the highways of this state.

> (b) The order of the court shall specify a time certain, not earlier than thirty (30) days after the date of service of the petition and order, at which the defendant shall first appear before the court.

T.C.A. § 55-10-608. As the defendant alleges, and the State concedes, the trial court failed to comply with the terms of this statute. No order of the type specified appears in the record. Additionally, Code section 55-10-609 requires that "[a] copy of both the order of the court and of the petition shall be served upon the defendant." *Id.* § 55-10-609. Because MVHO proceedings "are civil in nature" and governed by the Tennessee Rules of Civil Procedure, *see State v. Malady*, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); *Bankston v. State*, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); *Everhart v. State*, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978), service of process should have

occurred as prescribed by Rule 4.04 of the Tennessee Rules of Civil Procedure. That rule provides:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). The record contains no evidence that either the petition or any order associated therewith was served on the defendant in accordance with the terms of Rule 4.04.

The trial court in this case entered a default judgment after observing that the defendant was "aware of these proceedings." As our supreme court has held, however, "actual notice of the lawsuit is not 'a substitute for service of process when the Rules of Civil Procedure so require.'" *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (quoting *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002)). The defendant never personally appeared in the trial court, and his counsel made only a limited, special appearance for the purpose of contesting the trial court's jurisdiction. Under these circumstances, the trial court erred by entering a default judgment when the defendant was never properly served in accordance with Code section 55-10-609 and Tennessee Rule of Civil Procedure 4.04.

Additionally, we note that the the trial court failed to comply with the terms of Tennessee Rule of Civil Procedure 55.01, which provides:

> The party entitled to a judgment by default shall apply to the court. Except for cases where service was properly made by publication, all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application,

regardless of whether the party has made an appearance in the action. A party served by publication is entitled to such notice only if that party has made an appearance in the action.

Tenn. R. Civ. P. 55.01. The State did not make a proper application for default judgment, and the defendant was not served with written notice of any application for default judgment.

Finally, the record contains no evidence that the trial court complied with Tennessee Rule of Civil Procedure 58 to effectuate the default judgment in this case:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. The judgment entered in this case contains only the signature of the assistant district attorney and the trial judge. It does not contain a "certificate of counsel that a copy of the proposed order has been served on all other parties or counsel" or "a certificate of the clerk that a copy has been served on all other parties or counsel."

Because the record establishes that the State and the trial court failed to comply with the terms of the MVHO Act and the Tennessee Rules of Civil Procedure, the default judgment declaring the defendant an MVHO must be vacated. *See State v. Jeffrey Lee Fields*, No. W2006-01378-CCA-R3-CD (Tenn. Crim. App., Jackson, Feb. 12, 2008) (vacating default MVHO judgment for the "[f]ailure to follow the proper procedural demands").

_____
JAMES CURWOOD WITT, JR., JUDGE