IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

**STATE OF TENNESSEE v. FREEMAN YORK**

**Appeal from the Criminal Court for Overton County**
**No. 2010-CR-181    David A. Patterson, Judge**

_____

**No. M2017-01914-CCA-R3-CO**

_____

Freeman York, Petitioner, appeals from the trial court's denial of his petition to restore his driving privileges. Petitioner asserts that the revocation period of his license has expired and that the trial court abused its discretion in denying his petition. Petitioner also argues that the trial court failed to properly set out its factual findings and legal conclusions in its order. After a thorough review of the facts and applicable case law, we conclude that the trial court set out sufficient factual findings and conclusions of law in its written order. We also conclude that the trial court did not abuse its discretion by denying the petition for reinstatement of driver's license. Thus, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Kelly R. Williams, Livingston, Tennessee, for the appellant, Freeman York.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Owen Burnette, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual and Procedural Background

Petitioner was declared a[1] habitual motor vehicle offender in 1994 pursuant to the Motor Vehicle Habitual Offenders Act ("the Act"). Prior to his status as a habitual offender, Petitioner had six convictions for driving under the influence of alcohol or drugs ("DUI") and four convictions for driving on a revoked license. Subsequent to his 1994 status as a habitual offender, Petitioner accrued three additional DUI convictions, two additional convictions for driving on a revoked license, and two convictions for driving after being declared a habitual offender. Petitioner's conviction record is as follows:

| County | Offense Date | Conviction Offense |
|--------|-------------|-------------------|
| Clay | 12/22/2011 | DUI of Alcohol or Drugs |
| Clay | 12/22/2011 | Driving After Declared a Habitual Offender |
| Overton | 05/15/2010 | Driving After Declared a Habitual Offender |
| Clay | 04/08/1995 | DUI of Alcohol or Drugs |
| Clay | 04/08/1995 | Driving While License Revoked |
| Clay | 03/25/1995 | DUI of Alcohol or Drugs |
| Clay | 03/25/1995 | Using Motor Vehicle in Felony |
| Clay | 03/25/1995 | Driving While License Revoked |
| Clay | 03/28/1992 | Driving While License Revoked |
| Macon | 08/31/1991 | Driving While License Revoked |
| Macon | 08/25/1989 | DUI of Alcohol or Drugs |
| Macon | 06/30/1989 | DUI of Alcohol or Drugs |
| Macon | 04/16/1989 | DUI of Alcohol or Drugs |
| Macon | 10/26/1986 | DUI of Alcohol or Drugs |
| Macon | 10/26/1986 | Driving While License Revoked |
| Clay | 05/30/1986 | DUI of Alcohol or Drugs |
| Clay | 06/26/1985 | Driving After Convicted as a Habitual Offender |
| Clay | 11/05/1977 | Driving While License Revoked |
| Clay | 07/09/1977 | DUI of Alcohol or Drugs |

On March 20, 2017, Petitioner filed a Petition for Reinstatement of Driver's License ("the Petition") claiming he (1) was no longer on probation, (2) had not consumed alcohol since 2012, (3) completed a DUI school, and (4) paid all court costs

---

[1] Although Tennessee Code Annotated section 55-10-615 uses the preposition "an" before habitual offender, most cases use the preposition "a." We will follow the majority of cases unless we are quoting the statute.

associated with his convictions. The trial court conducted a motion hearing on the Petition on June 5, 2017.

At the motion hearing, Petitioner presented no sworn witnesses. As exhibits, he offered: (1) a Tennessee Department of Safety Requirement Letter ("the Letter"), which detailed the requirements for reinstatement of his license, dated February 21, 2017; (2) a certificate of completion from the DUI School of Cumberland Plateau Recovery, dated August 29, 2009; and (3) court certifications of payments for costs associated with all of his prior convictions except for his December 22, 2011 DUI conviction. Defense counsel argued that Petitioner had been sober for five years and had paid "all his fines and costs" and was therefore eligible for license reinstatement.

The State noted that Petitioner had several moving violations since the declaration of his status as a habitual offender in 1994, including multiple DUI convictions and violations of his status as a habitual offender. However, the State conceded that Petitioner was eligible for reinstatement.

The trial court denied the Petition, and Petitioner now timely appeals.

## II. Analysis

### *Trial court's order*

Petitioner cites to Tennessee Rule of Civil Procedure 52.01 for his contention that the trial court failed to set out its factual findings and conclusions of law regarding its denial of the Petition. The State notes that the Act "does not require trial courts to make any particularized factual findings; it merely requires courts to exercise their discretion when deciding whether to restore driving privileges."

The transcript reflects that the trial court stated the following at the conclusions of the hearing:

> I'm going to deny the petition to restore the driving privileges.
>
> I want to ask the state to prepare an order that can be appealed, give the opportunity for [Petitioner] to take this to a higher level if [he] need[s] to. Maybe they don't know him like this court does. And I know that it has been some time, and I don't . . . discount or disbelieve what it is that [defense counsel] says about his drinking[,] don't discount any of that. I'm not going to be the one that gives him the opportunity to be about the highways again, after what we've had the history of with [Petitioner]. Very

different [from] other vehicle offenders, very different [from] others that have [sic] come before this court.

The trial court subsequently entered a written order denying the Petition on September 14, 2017. The trial court found that Petitioner had submitted proof of payment of fines and court costs and proof that he completed a DUI course in 2009. The order states that the trial court "found that[,] due to the [Petitioner's] . . . driving history, the [trial c]ourt could not grant a reinstatement of his driving privileges."

Proceedings pursuant to the Act are civil in nature and are governed by the Tennessee Rules of Civil Procedure. *See State v. Patrick Gaia*, No. W2015-00535-CCA-R3-CD, 2016 WL 193366, at *1 (Tenn. Crim. App. Jan. 14, 2016) *no perm. app. filed*; *see also State v. Malady*, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996). "In all actions tried upon the facts without a jury, the [trial] court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. Here, as set out above, the trial court made several factual findings and concluded that Petitioner had not shown the good cause necessary to restore his driver's license. Thus, we conclude that the trial court properly set out its factual findings and conclusions in open court and a written order.

### *Denial of driver's license reinstatement*

Petitioner additionally asserts that the trial court erred in denying his petition to reinstate his driver's license because the trial court relied on Petitioner's driving record as a whole and not "on his recent 5 years of sobriety and his 6 years of clean driving record[.]" The State contends that the trial court properly exercised its discretion in denying the Petition because (1) "the [Petitioner] failed to show good cause[,]" (2) "the proof [Petitioner] offered to demonstrate his eligibility for reinstatement fails to meet the requirements set forth in the reinstatement letter[,]" and (3) "the [Petitioner]'s long history of driving offenses demonstrates his sustained indifference to the safety and welfare of others and persistent disrespect for the laws of this state." We agree with the State.

Tennessee Code Annotated section 55-10-615 states the following, in pertinent part:

(a) In no event shall a license to operate motor vehicles in this state be issued to an habitual offender for a period of three (3) years from the entry date of the order of the court finding the person to be an habitual offender. In no event shall a license to operate a motor vehicle in this state

be issued to an habitual offender until the habitual offender has met all requirements that the financial responsibility law may impose.

(b) At the expiration of three (3) years from the date of any final order of a court, entered under this part, finding a person to be an habitual offender and directing the person not to operate a motor vehicle in this state, the person may petition the court where found to be an habitual offender or any court of record having criminal jurisdiction in the county in which the person then resides, for restoration of the privilege to operate a motor vehicle in this state. Upon this petition, and for good cause shown, the court may, in its discretion, restore to the person the privilege to operate a motor vehicle in this state upon the terms and conditions as the court may prescribe[.]

We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case *sub judice*, we conclude that the trial court's denial of the Petition was within the trial court's discretion under Tennessee Code Annotated section 55-10-615. As the State notes, Petitioner did not include evidence that he paid his court fines and fees for his 2011 DUI conviction as an exhibit to the Petition. Additionally, the Letter required that Petitioner complete a DUI course after his 2011 DUI conviction. The DUI course certificate that Petitioner attached as an exhibit to the Petition states that the Defendant completed the DUI course on August 29, 2009, prior to the Defendant's 2011 DUI conviction. We also conclude that the trial court did not err in relying on Petitioner's driving record as a whole to deny the Petition rather than solely considering the evidence that Petitioner attached to the Petition and defense counsel's argument at the hearing. Even the evidence that Petitioner attached to the Petition as exhibits exemplifies his poor driving record. Thus, the trial court properly concluded that Petitioner had not shown good cause for the reinstatement of his driver's license.

In his reply brief, Petitioner claimed that he was not given the opportunity to take the stand to testify. At the hearing, the trial court asked if there was a "need for proof or shall we just go through this?" No reply appears in the transcript. The trial court then asked trial counsel to "[t]ell me about it[.]" Counsel replied:

Your Honor, [Petitioner] was convicted of being an habitual motor vehicle offender on December 8th, 2011 in Overton County, Tennessee. He was also convicted of being an habitual motor offender on February 11th, 2012 in Overton County, Tennessee. The revocation of [Petitioner]'s driver[']s license is now expired. He is off probation. He has not drank any alcohol since 2012, that's been five years ago. He has paid all his fines and costs. He's took his alcohol safety school, he has a certificate. His direct, there was a direct correlation of his drinking alcohol and of course the offenses that were committed and he hasn't drank any in five years.

We've attached all of his payments of his court costs and pursuant to [Tennessee Code Annotated section] 55-10-615, [Petitioner] is qualified to get his license back. The Department of Safety has contacted him and advised him of this and he is requesting that his license be reinstated.

At no point during the hearing did Petitioner inform the trial court that he wished to testify or to present any evidence other than that included in the Petition and its exhibits. The trial court did not deny Petitioner the right to testify because neither Petitioner nor his counsel informed the trial court that Petitioner wished to testify. Further, Tennessee Code Annotated section 55-10-615 does not require the trial court to hold a hearing on whether to grant or deny a petition to reinstate driving privileges.

### III. Conclusion

After a thorough review of the facts and applicable case law, we affirm the trial court's decision to deny the Petition to reinstate Petitioner's driver's license.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 6 -