# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs November 6, 2012

## DUANE M. COLEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 97-A-33     J. Randall Wyatt, Jr., Judge**

---

### No.  M2012-00848-CCA-R3-PC - Filed March 11, 2013

---

Petitioner, Duane M. Coleman, was convicted by a Davidson County Jury of second degree murder.  He was sentenced to thirty-two years as a Range II, multiple offender.  *State v. Duane Coleman*, No. M1998-00663-CCA-R3-CD, 2000 WL 31858, at *1 (Tenn. Crim. App., at Nashville, Jan. 18, 2000).  He unsuccessfully appealed his conviction.  *Id.* at *14. Petitioner also unsuccessfully filed a petition for post-conviction relief.  *Duane Coleman v. State*, No. M2008-02180-CCA-R3-CD, 2010 WL 2890676, at *3 (Tenn. Crim. App., at Nashville, Jul. 23, 2010).  Petitioner subsequently filed a "Motion for Relief From Judgement" based upon Rule 60.02 of the Tennessee Rules of Civil Procedure, on March 5, 2012.  In this motion, Petitioner argued that his constitutional rights were violated by the imposition of enhancement factors and the imposition of 100% release eligibility without being found beyond a reasonable doubt by a jury.  His argument was based upon the United States Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004).  The habeas corpus court determined that the motion under Rule 60.02 of the Tennessee Rules of Civil Procedure was uncognizable and treated the motion as a petition for writ of habeas corpus. The habeas corpus court then summarily dismissed the petition.  We have reviewed the record on appeal.  We agree with the habeas corpus court's determination that the motion should be treated as a petition for writ of habeas corpus.  Additionally, we conclude that prior case law has determined that a *Blakely* violation does not apply retroactively and renders a judgment voidable instead of void.  See *Timothy* R. *Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App., at Nashville, May 1, 2007)  Therefore, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Duane M. Coleman, Pro Se, Nashville,Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

A Davidson County jury convicted Petitioner of second degree murder. *Duane Coleman*, 2000 WL 31858, at *1. He was sentenced to thirty-two years as a Range II multiple offender. The trial court ordered that this sentence by served consecutively to two four-year sentences that had been previously imposed. *Id.* Petitioner was unsuccessful on appeal, and the judgment of the trial court was affirmed. *Id.* at *14.

Petitioner subsequently filed a petition for post-conviction relief.

Petitioner filed on January 17, 2001, a petition for post-conviction relief, which was denied on July 5, 2001. A motion to reopen the petition was denied on January 22, 2003, and this Court affirmed the order denying the motion to reopen on December 29, 2005. *Duane Coleman v. State*, No. M2003-00512-CCA-R3-PC, *order dismissing appeal*, (Tenn. Crim. App. Dec. 29, 2005). Petitioner's application for discretionary appeal was denied by the Supreme Court on May 1, 2006. *Duane Coleman v. State*, No. M2003-00512-SC-R3-PC, 2006 Tenn. LEXIS 377 (Tenn., May 1, 2006). On August 1, 2008, Petitioner filed a second petition for post-conviction relief alleging that "his due process rights were violated because he was not afforded second-tier review after the Court of Criminal Appeals affirmance of his judgment on Jan. 18, 2000." On September 9, 2008, the post-conviction court entered an order summarily dismissing the petition.

*Duane Coleman*, 2010 WL 2890676, at *1. The dismissal of the September 9, 2008 petition was affirmed by this Court. *Id.* at *3.

On March 5, 2012, Petitioner filed a "Motion for Relief From Judgement" based upon Rule 60.02 of the Tennessee Rules of Civil Procedure. On April 4, 2012, the habeas corpus court filed an order denying the motion. The habeas corpus court concluded that Rule 60.02 of the Tennessee Rules of Civil Procedure was not a cognizable form of relief. In addition,

the habeas corpus court determined that Petitioner was alleging that his conviction was void. Therefore, the court treated Petitioner's motion as a petition for writ of habeas corpus. After reviewing Petitioner's arguments, the habeas corpus court summarily dismissed the petition. Petitioner filed a timely notice of appeal

## ANALYSIS

On appeal, Petitioner argues that the habeas corpus court erred in summarily dismissing his petition. He specifically argues that his sentence was illegally enhanced because the enhancement factors used and the imposition of a 100% release eligibility date were not determined by a jury. He based this argument on the United State Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004).

We first address Petitioner's reliance upon Rule 60.02 of the Tennessee Rules of Civil Procedure. Judgments of conviction are criminal matters and are therefore not governed by the rules of civil procedure. Instead, they are governed by the rules and statutes dealing with criminal procedure. For this reason, Petitioner's reliance on Rule 60.02 of the Tennessee Rules of Civil Procedure is misplaced. The Rules of Civil Procedure are limited in application to civil matters. *See* Tenn. R. Civ. P. 1; *see also State v. Malady*, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996) (stating that because the initial proceeding by which a habitual motor vehicle offender order is entered is civil in nature any challenge to the order is governed by the Tennessee Rules of Civil Procedure). The Rules of Civil Procedure have no bearing on criminal matters and cannot be used as a post-conviction method to challenge judgments of conviction. Our supreme court has stated, "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus . . . ." *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005).

The habeas corpus court correctly determined that Petitioner's pleading should be treated as a petition for writ of habeas corpus relief. The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851

S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at * 1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

With regard to Petitioner's argument that the trial court's imposition of enhancement factors and imposition of a 100% release eligibility violated his constitutional rights, this Court has held that *Blakely* violations, in and of themselves, are constitutional violations, but do not render a judgment void. *See Timothy* R. *Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App., at Nashville, May 1, 2007); *James R.W. Reynolds v. State*, No. M2004-02254-CCA-R3-HC, 2005 WL 736715, at *2 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), *perm. app. denied*, (Tenn. Oct. 10, 2005); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005), *perm. app. denied*, (Tenn. June 27, 2005). Because a *Blakely* violation renders a judgment merely voidable as opposed to void, it is not subject to attack through a writ for habeas corpus relief. *See Passarella*, 891 S.W.2d at 627.

Moreover, this Court has also held that *Blakely* does not apply retroactively to cases that have already been finalized on direct appeal and are now only subject to a collateral attack. *See Timothy R. Bowles*, 2007 WL 1266594, at *3; *James R.W. Reynolds*, 2005 WL 736715, at *2; Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004), *perm. app. denied*, (Tenn. May 23, 2005); *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005), *perm. app. denied*, (Tenn. June 27, 2005).

Because Petitioner's argument based on *Blakely* is uncognizable, the habeas corpus court was within its authority to summarily dismiss the petition. Consequently, Petitioner's issues are without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE