In re Trust U/W of Rose FRUMKIN, Dated June 21, 1988.

Alfred FRUMKIN, Plaintiff–Appellant,

v.

FIRST UNION NATIONAL BANK OF FLORIDA, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

April 26, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

---

Paul T. Coleman & Nelwyn I. Rhodes, Baker, Donelson, Bearman & Caldwell, Knoxville, for appellant.

Michael H. Fitzpatrick and John E. McDonald, Jenkins & Jenkins, Knoxville, for appellee.

## OPINION

McMURRAY, Judge.

The plaintiff, Alfred Frumkin, sole income beneficiary and sole discretionary principal beneficiary of a trust established by his mother, Rose Frumkin, brought this action alleging a breach of fiduciary duty and intentional infliction of emotional distress by the defendant, First Union National Bank of Florida, trustee. In response, the defendant filed a motion to dismiss on the grounds that the Courts of Tennessee do not have *in personam* jurisdiction over the defendant. Following a hearing on the motion, the trial court sustained the motion to dismiss. From this order, this appeal resulted. We affirm the judgment of the trial court.

The appellant presents the following issues for our consideration:

1. Whether a Florida trustee has sufficient minimum contacts to be subject to *in personam* jurisdiction in Tennessee where the trustee, in furtherance of its duties as trustee, conducts both written and oral communications with a Tennessee resident who is the sole income beneficiary and discretionary principal beneficiary of the trust for his lifetime.

2. Whether a non-resident defendant makes a general appearance and thereby implies consent to *in personam* jurisdiction by filing responses to discovery requests prior to asserting a defense of lack of personal jurisdiction.

The first issue has previously been resolved. In a separate action, the plaintiff here, sued the defendant seeking removal of the defendant as trustee and substitution of First Tennessee Bank National Association, Knoxville, as trustee. A motion was made in that case to dismiss for lack of *in personam* jurisdiction. The chancellor in that action dismissed the complaint relying on *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). An appeal was taken to this court and the decision of the trial court was affirmed. *See In re Trust Under Will of Frumkin*, 874 S.W.2d 40 (Tenn.App. 1993). Permission to appeal was denied by the Tennessee Supreme Court on March 28, 1994. This Court held that the defendant did not have sufficient minimum contacts to bring the defendant into Tennessee Courts under the provisions of the "Long Arm Statute," T.C.A. § 20–2–214. In that action, the plaintiff also alleged breach of fiduciary duty. The only difference in that action and the present action is the relief sought. There has been nothing new submitted to the court which would justify the assumption of *in personam* jurisdiction by the courts of this State. Thus on the facts demonstrated to the court, the question of "minimum contacts" relating to the Florida trustee has been decided and is *res judicata* between these parties. We agree with the chancellor that Tennessee courts have no *in personam* jurisdiction under the circumstances of this case.

In addressing the second issue, we are called upon to decide whether or not making a response to discovery before contesting jurisdiction constitutes a general appearance and results in a waiver of *in personam* jurisdiction. At common law, little was required to constitute a general appearance. The common law was changed, however, by the adoption of the Tennessee Rules of Civil Procedure. In *Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994), we find the following guidance:

> Initially, we note that there is a modern legal trend away from the technical requirement that a defendant must enter a special appearance to contest personal jurisdiction. For example, both the Federal

Rules of Civil Procedure and the Tennessee Rules of Civil Procedure allow a defendant to raise all defenses, including a challenge to the personal jurisdiction of the court, in either a pre-trial motion or in a responsive pleading. See, e.g., Fed. R.Civ.P. 12(b) and Tenn.R.Civ.P. 12.02 ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). Under both the state and federal civil procedure rules, therefore, a defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. *Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer.* (Emphasis added). The authors of Gibson's Suits in Chancery § 146 (6th ed.1982) have commented in that connection that Rule 12 of the Tennessee Rules of Civil Procedure eliminates a "trap for the unwary." Id. *Wright v. Universal Tire, Inc.,* 577 S.W.2d 194 (Tenn.App.1987); see generally 3 Nancy F. MacLean & Bradley A. MacLean, Tennessee Practice, § 12.5 (West 2nd ed.1989); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1344 and § 1362 (West 1990).

*Landers v. Jones,* supra, at page 676.

In *Landers,* the issue before the court was whether or not a joint motion for a continuance constituted a general appearance. The Supreme Court answered in the negative stating:

> Finally and most importantly, as a matter of policy, we are simply unable to conclude that a joint motion for continuance constitutes a waiver of the right to raise personal jurisdiction, irrespective of whether the motion contains language which reserves defenses. Such a motion "in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court." *Patterson v. Rockwell International,* 665 S.W.2d 96, 100 (Tenn.1984).... In accordance with the modern trend and Rule 12.02 of the Tennessee Rules of Civil Procedure ... *courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction.* (Emphasis added). To the extent that prior judicial decisions can be read as requiring otherwise, they are overruled.

*Landers,* supra, at 677.

Thus, under the authority of *Landers,* we find that neither a general appearance nor waiver of personal jurisdiction has occurred. Accordingly, we affirm the judgment of the trial court in all respects.

Costs incident to this appeal are taxed to the appellant and the case is remanded to the trial court for the collection thereof.

GODDARD, P.J., and CLIFFORD E. SANDERS, Senior Judge, concur.