## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

**JUNE SESSION, 1999**

FILED

August 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 02C01-9801-CR-00005 |
| Appellee, | * | |
| | * | SHELBY COUNTY |
| vs. | * | |
| | * | Hon. Chris Craft, Judge |
| GLENN LUCAS, | * | |
| | * | (Motor Vehicle Habitual Offender) |
| Appellant. | * | |

For the Appellant:

**Robert M., Brannon, Jr.**
Attorney
295 Washington Ave., Suite 3
Memphis, TN 38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Jerry Kitchen** and **Dan Byer**
Asst. District Attorneys General
Criminal Justice Complex
201 Poplar Avenue  - Suite 301
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, Glenn Lucas, appeals the judgment of the Shelby County Criminal Court declaring him a motor vehicle habitual offender. He challenges his habitual offender classification upon grounds:

> I. He was denied a hearing on material disputed issues of fact as required by Tenn. Code Ann. § 55-10-610; and
>
> II. Due to insufficient service of process, the court never obtained jurisdiction over his person and the State's petition is barred as the statute of limitations for declaring him an habitual traffic offender had expired.

Finding no reversible error of law, we affirm.

## Background

A petition was filed by the State on January 5, 1996, seeking to declare the appellant a motor vehicle habitual offender pursuant to the Motor Vehicle Habitual Offenders Act, Tenn. Code Ann. § 55-10-601 *et seq.* (1993). The petition alleged that the appellant had been convicted of driving with a canceled, suspended, or revoked license on three occasions. Specifically, the appellant was arrested on February 10, 1989, convicted May 10, 1990; arrested on November 10, 1989, convicted on May 10, 1990; and arrested on April 7, 1995, convicted on June 15, 1995.

On January 9, 1996, the petition and a show cause order issued by the trial court ordering the appellant to appear and show cause why he should not be declared a motor vehicle habitual offender was delivered to the sheriff for service on the appellant. The process, directed to a specific address, was returned unserved

2

on January 30, 1996, by the Sheriff's Department.[1]  On February 5, 1996, a capias was issued for the appellant's arrest.  The appellant was subsequently arrested on May 21, 1997, and was released on bond the following day.

On August 21, 1997, the appellant, through counsel, filed an answer to the State's petition.  In his answer, the appellant alleged that the enumerated convictions contained in the State's petition are void or voidable by reasons of defects in the proceedings and/or ineffective assistance of counsel; that a proceeding pursuant to the Motor Vehicle Habitual Offenders Act is unconstitutional; and the appellant has not been convicted within three years of three qualifying offenses.

On the scheduled date of December 11, 1997, the appellant and counsel appeared before the court.  After considering argument of counsel, the answer and amended answer, and the applicable law, the court, finding no disputed issues of fact, concluded that no further hearing was warranted and declared the appellant a motor vehicle habitual offender.

## I.  Denial of Hearing

In his first issue, the appellant contends that he was wrongfully and unconstitutionally denied the right to a hearing based on the court's misinterpretation of Tenn. Code Ann. § 55-10-610.  Tenn. Code Ann. § 55-10-610 provides

> (a) Upon the first appearance of the defendant before the court, the court shall determine whether there is any material disputed, issue of fact with regard to the allegations of the petition.  If not, the court shall forthwith render an order of judgment as may be appropriate without the intervention of a jury.

---

[1]The unserved process contained the notation, "Zedie Richmond says, Glenn Lucas does not stay here."

The appellant maintains that the trial court misinterpreted this provision when it concluded that the appellant must first prove to the satisfaction of the court that there existed a material disputed issue of fact before a hearing is required.

Proceedings under the Motor Vehicle Habitual Offenders Act are civil rather than criminal in nature. State v. Malady, 952 S.W.2d 440, 443 (Tenn. Crim. App. 1996) (citing Everhart v. State, 563 S.W.2d 795 (Tenn. Crim. App. 1978)). The appellant asserts that Tenn. Code Ann. § 55-10-610 "serves the same function as a motion for summary judgment . . . and should be interpreted as such."

Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). This court has, on prior occasion, analogized Section 55-10-610 to the procedure for summary judgment, finding that "[s]ummary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue regarding any material fact, and that the moving party is entitled to a judgment as a matter of law." Malady, 952 S.W.2d at 443 (citations omitted). The court held that, where the appellant fails to allege any disputed issues of fact and where the trial court finds that there are no disputed issues of fact, it is within the authority of the trial court to "render an order or judgment as may be appropriate without the intervention of a jury." See Malady, 952 S.W.2d at 443.

Pursuant to Tenn. Code Ann. § 55-10-603(2)(A),

a "Habitual offender" is defined as any person who, during a three year period, is convicted in a Tennessee court(s) of three or more certain enumerated offenses, any person who, during a five year period, is convicted in a Tennessee court(s) of three or more certain enumerated offenses, or any person who, during a ten-year period, is convicted in a Tennessee court(s) of five or more certain enumerated offenses;

4

provided, that if the five- or ten-year period is used, one of such offenses occurred after July 1, 1991.

If a defendant is found to have been validly convicted of the requisite number of enumerated offenses within the applicable time period, the defendant will be declared a motor vehicle habitual offender.  See  State v. James E. Thompson, No. 02C01-9706-CC-00213 (Tenn. Crim. App. at Jackson, June 2, 1998) (citing Tenn. Code Ann. § 55-10-613(a)).  The trial court is granted no discretion. Id.

The trial court provided the appellant the opportunity to argue and raise any issue of disputed fact before the court.  The appellant conceded that he had three convictions within a five year period.[2]  However, he attacked the validity of his 1995 conviction, alleging that his guilty plea to that conviction was not knowingly, freely, and voluntarily entered.  The law is well established that a facially valid judgment of conviction is not subject to collateral attack in a proceeding under the Motor Vehicle Habitual Offenders Act. See  Everhart v. State, 563 S.W.2d at 795. See also  State v. Ralph D. Cooper, No. 02C01-9709-CR-00339 (Tenn. Crim. App. at Jackson, Jul. 17, 1998); State v. Joseph L. Carter, No. 104 (Tenn. Crim. App. at Jackson, Oct. 26, 1988).  Thus, the trial court did not err by prohibiting the appellant from introducing evidence as to the circumstances surrounding the validity of the 1995 conviction. Accordingly, there is no disputed issue of fact; the only determination being a question of law, i.e., whether the appellant had the requisite number of convictions within the requisite time period.

---

[2]Tenn. Code Ann. § 55-10-604(c) addresses the issue of computing the number of convictions within the applicable time period set forth in Tenn. Code Ann. § 55-10-603(2)(A).  The time begins running from the date of the initial conviction.  State v. Tracy C. Thompson, No. 01C01-9707-CR-00271 (Tenn. Crim. App. at Nashville, Apr. 23, 1998) (citing Tenn. Code Ann. § 55-10-604(d)).  If a defendant commits another offense during the applicable period even though the conviction is not actually entered until after the time period has expired, the conviction is counted.  Id.; see also  State v. Webster, 972 S.W.2d 701, 702-703 (Tenn. Crim. App. 1998).  The appellant's first conviction was entered on May 10, 1990.  His third qualifying offense was committed on April 7, 1995.  Accordingly, the appellant's convictions fall within the applicable five year period.

Again, the appellant was provided notice and an opportunity to be heard by the court at which time he asserted a host of affirmative defenses, including but not limited to the defense of laches, accord and satisfaction, comparative fault, estoppel, statute of limitations, principles of equity, and res judicata. The appellant failed to establish that these defenses presented a genuine issue of material fact.[3] Accordingly, "since there was no dispute regarding the facts of this case, the appellant had no right to trial by jury under the Tennessee Constitution." See Malady, 952 S.W.2d at 443.

## II. Service of Process and Lack of Jurisdiction

In his final issue, the appellant complains that, because the court never properly obtained personal jurisdiction over him, the court erred by not dismissing the State's petition. Specifically, the appellant contends that the State's extraordinary mode of civil service of process, *i.e.*, by means of a capias, was improper, thereby resulting in a false return which failed to grant the court jurisdiction over the appellant. The State responds that the appellant has waived these issues. We agree.

Rule 12.08 of the Tennessee Rules of Civil Procedure provides:

A party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2)[lack of jurisdiction over the person], (3)[improper venue], (4)[insufficiency of process], and (5)[insufficiency of service of process] *shall not* be raised by amendment) . . . .

---

[3]We note that no statute of limitations applies to proceedings under the Motor Vehicle Habitual Offenders Act, see State v. Roger W. Freeman, 1993 WL 186054 (Tenn. Crim. App. at Knoxville, June 1, 1993), and the sanction of declaring an individual to be a habitual offender is not a matter affected by principles of equity. See Malady, 952 S.W.2d at 443. Moreover, the appellant has failed to establish inexcusable delay in the proceedings necessary to trigger the defense of laches. State v. Roger W. Freeman, 1993 WL 186054.

(emphasis added). Although the appellant subsequently asserted these defenses in an amendment of the answer, the affirmative defenses of lack of personal jurisdiction, insufficiency of process and insufficiency of service of process were not raised in his initial answer to the State's petition. The waiver rule is applied strictly to these defenses. See 3 Tenn. Practice §12.17, 193 (1989 & Supp. 1999). See also Toler v. City of Cookeville, 952 S.W.2d 831, 835 (Tenn. App.), perm. to appeal denied, (Tenn. 1997); see, e.g., In re Frumpkin, 912 S.W.2d 138, 140 (Tenn. App.), perm. to appeal denied, (Tenn. 1995) ("[w]aiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 or an answer"). Thus, the appellant's failure to raise these defenses in his initial answer to the court amounts to waiver of these issues. [4]

After reviewing the record before us and the applicable law, we find no statutory or constitutional abridgement of the appellant's rights under the Motor Vehicle Habitual Offender's Act. The appellant was provided both notice and an opportunity to be heard. Accordingly, because there is no factual dispute that the appellant was convicted of three enumerated offenses within the statutorily defined

---

[4]Although we need not reach this issue due to our finding of waiver, we express concern over the court's practice of issuing a capias in a civil matter. In State v. Paul T. Brown, Jr., No. 86 (Tenn. Crim. App. at Jackson, Jul. 5, 1989), a panel of this court found that the issuance of a capias to bring the defendant before the court to answer the State's petition in a Motor Vehicle Habitual Offender proceeding was not improper based upon the "catch-all" language of Tenn. R. Civ. P. 64. Rule 64 preserves the statutory remedies for securing the satisfaction of a judgment ultimately to be obtained. See Tenn. R. Civ. P. 64; 4 Tenn. Practice § 64.2, 557 (1989). A party may seek one of these remedies, i.e., "arrest, attachment, garnishment, replevin . . . and other corresponding or equivalent remedies," at the commencement or during the course of an action when it has become apparent that the property presently in the state may not be available for the enforcement of a judgment. Tenn. R. Civ. P. 64. Rule 64 clearly contemplates statutory remedies. The issuance of a capias is not statutorily authorized extraordinary civil process. Indeed, the issuance of a capias is only authorized by statute and by rule in criminal matters. See Tenn. R. Crim. P. 9; Tenn. Code Ann. § 40-13-301 (1997). Generally, a party to an action must be brought before the court by service of process, and a judgment pronounced before an attachment or capias can issue against him. Only where legislatively enacted statutory provisions explicitly provide for such extraordinary process in civil actions will a capias issue. See, e.g., Tenn. Code Ann. § 36-2-305(b)(5) (1998 Supp.)(paternity action may be commenced by civil summons or, if defendant fails to make appearance or file answer, court may issue warrant for apprehension of defendant). The Motor Vehicle Habitual Offenders Act does not provide for the issuance of a capias, attachment, or warrant of arrest in lieu of civil process. See Tenn. Code Ann. § 55-10-608(a) (upon filing of petition, court shall make order directing defendant to appear before court to show cause why defendant should not be barred from operating a motor vehicle . . ."). Although this court does not find the issuance of a capias in the instant case unconstitutional, we acknowledge that the issuance of a capias which results in the seizure and custody of a person in a civil matter raises certain due process concerns under both the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Tennessee Constitution and any such practice where not authorized should be discontinued.

period, we affirm the trial court's order declaring the appellant a motor vehicle habitual offender.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
NORMA MCGEE OGLE, Judge