IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 2, 2023

## VICTOR WILLIAMS ET AL. v. CALVIN COLLINS ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 22-1497-II      Anne C. Martin, Chancellor**
_____

### No. M2023-00452-COA-R3-CV
_____

This is a contract dispute. The trial court granted non-resident Appellees' Tennessee Rule of Civil Procedure 12.02(2) motion to dismiss for lack of personal jurisdiction. After conducting a de novo review, we agree with the trial court that Appellees did not have minimum contacts with Tennessee that would permit the exercise of personal jurisdiction over them. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, J., joined.

Christian Barker and Jacob T. Clabo, Nashville, Tennessee, for the appellants, VWillz, LLC, and Victor Williams.

John J. Griffin, Jr., Michael A. Johnson, and Casey R. Malloy, Nashville, Tennessee, for the appellees, Calvin Collins, and PoweredbyCMG, LLC.

## OPINION

### I. Background and Procedural History

The relevant facts are not disputed. Victor Williams is a hip-hop and rap artist, who is professionally known as VWillz. Calvin Collins is a resident of Texas and the sole member of PoweredbyCMG, LLC, a Texas limited liability company ("PoweredbyCMG," and together with Mr. Collins, "Appellees"). In March 2020, Mr. Williams, who was then a resident of Colorado, executed a recording and management agreement with PoweredbyCMG. The agreement provided that it was executed in Texas, was to be "wholly performed" in Texas, and was governed by Texas law.

In April 2021, VWillz, LLC ("VWillz," and together with Mr. Williams, "Appellants") was organized as a Tennessee limited liability company. Mr. Williams is the company's sole member. VWillz's Articles of Organization name Barry N. Shrum of the law firm Shrum Hicks & Associates, PC, Franklin, Tennessee, as its initial registered agent. An address in Colorado Springs, Colorado, was listed as VWillz's complete and principal executive office address and mailing address. According to Mr. Williams, the "sole function [of VWillz] is to loan out Mr. Williams' services and intellectual property to record labels, publishers, and other entities in the entertainment industry with whom Mr. Williams conducts business."

In October 2021, VWillz filed a petition for declaratory relief against PoweredbyCMG in the Chancery Court for Davidson County ("trial court"). In its petition, VWillz sought a judgment declaring the 2020 agreement void on the ground of lack of mutual assent. PoweredbyCMG moved to dismiss the action on a number of grounds, including the lack of personal jurisdiction and standing.

While the 2021 action was pending, in January 2022, PoweredbyCMG and VWillz, acting f/s/o Mr. Williams, entered into an exclusive licensing and management agreement. The 2022 agreement stated that the 2020 agreement was "void *ab initio* and terminated in its entirety such that it has no legal effect." Like the 2020 agreement, the 2022 agreement provided that it was executed in Texas and governed by Texas law. It also provided that it was to be performed wholly in Texas and that the territory encompassed by the terms was "[the] world." Mr. Williams signed the 2022 agreement in the capacity of the "authorized representative" of VWillz, and Mr. Collins signed it as the "authorized representative" of PoweredbyCMG. Mr. Williams remained a resident of Colorado, and VWillz's principal office was located in Colorado when the 2022 agreement was executed. In February 2022, the trial court entered an agreed order of compromise, settlement, and dismissal in the 2021 declaratory judgment action.[1]

In April 2022, Mr. Williams relocated from Colorado to Tennessee. In November 2022, Appellants filed the current action against the Appellees in the trial court. In their complaint, Appellants sought a declaratory judgment that: (1) the parties' 2020 and 2022 agreements are unconscionable, unenforceable, and void; (2) Appellants own all rights and title to the intellectual property subject to the agreements; (3) Appellants owe no royalties

---

[1] The trial court's February 2022 order in the 2021 action is styled "Agreed Order of Compromise, Settlement, and Dismissal with Prejudice." However, the body of the order states that the matter was dismissed without prejudice. In the current action, the trial court found: "[O]n February 4, 2022, VWillz filed a notice of dismissal pursuant to Tenn. R. Civ. P. 41.01, and on February 28, 2022, the Court entered an Agreed Order of Dismissal with Prejudice." The parties dispute whether the 2021 lawsuit was dismissed with or without prejudice. However, the trial court dismissed the current action on the ground of personal jurisdiction and, accordingly, did not adjudicate the issues of mootness or whether claims arising from the 2020 agreement are barred by the doctrine of res judicata.

or "other obligations" to Appellees; and (4) Appellees wrongfully issued takedown notices under the Digital Millennium Copyright Act for Mr. Williams' new music. Appellants also sought rescission and/or reformation of the agreements and asserted causes of action for breach of fiduciary duty, tortious interference with prospective business relationships, and unjust enrichment. They prayed for an accounting, compensatory and punitive damages, restitution, and temporary and permanent restraining orders.

In December 2022, Appellees filed a motion to dismiss pursuant to Rules 12.02(2) and 12.02(6) of the Tennessee Rules of Civil Procedure. In their motion, Appellees asserted that the trial court lacked general and specific personal jurisdiction over them. They also asserted, in the alternative, that: (1) Appellants' claims were barred by the doctrine of res judicata and mootness; and (2) under Texas law, Appellants failed to state a claim for tortious interference or breach of fiduciary duty. Appellees attached numerous exhibits in support of their motion, including: (1) Mr. Collins' declaration regarding Appellees' lack of contacts with Tennessee; (2) VWillz's 2021 Articles of Organization; and (3) Tennessee Department of State, Division of Business Services filing information indicating that VWillz's registered agent was changed to Mr. Williams in Nashville, Tennessee, after Mr. Williams relocated, but Colorado Springs, Colorado, continued to be listed as its principal address.

On February 6, 2023, Appellants filed their response to Appellees' motion and attached Mr. Williams' declarations and a number of exhibits in support of their assertion that Appellees had sufficient contacts in Tennessee such that the exercise of personal jurisdiction was fair. Following a hearing on February 10, 2023, the trial court granted Appellees' motion to dismiss on the ground that it lacked personal jurisdiction over Appellees. Accordingly, the trial court did not adjudicate Appellees' alternative defenses. The trial court entered final judgment in the matter on February 27, 2023, and Appellants filed a timely notice of appeal.

## II. Issues

Appellants raise the issue of whether the trial court erred by dismissing this action on the ground that it lacked personal jurisdiction over Appellees.

Appellees raise five additional issues, which we restate as follows:

(1) Whether Appellants' claims are barred by the doctrine of res judicata;
(2) Whether Mr. Williams lacks standing because he is not a party to the agreement;
(3) Whether claims arising from the parties' 2020 agreement are moot because the parties agreed that the agreement was void *ab initio*;
(4) Whether, under Texas law, Appellants failed to state a claim for tortious interference;

(5) Whether, under Texas law, Appellants failed to state a claim for breach of fiduciary duty.

## III. Standard of Review

"'A trial court's decision regarding the exercise of personal jurisdiction over a defendant presents a question of law, which we review de novo with no presumption of correctness.'" ***Baskin v. Pierce & Allred Constr., Inc.***, – S.W.3d –, No. M2021-00144-SCR-11CV, 2023 WL 6304872, at \*5 (Tenn. Sept. 28, 2023) (quoting ***First Cmty. Bank, N.A. v. First Tenn. Bank, N.A.***, 489 S.W.3d 369, 382 (Tenn. 2015)) (internal citations omitted). Under Tennessee law, the plaintiff carries the burden of demonstrating that the trial court's exercise of personal jurisdiction over the defendant is proper. ***Id.*** at \*16 (citation omitted). When, as in this case, a defendant challenges the exercise of personal jurisdiction through a Tennessee Rules of Civil Procedure Rule 12.02 motion to dismiss and supports the motion with an affidavit and other materials, "the plaintiff may not rely solely on the allegations in the complaint" to carry its burden. Rather, the plaintiff "must submit affidavits or other materials" to establish a prima facie case that the court may exercise personal jurisdiction over the defendant. ***Id.*** at \*5 (citations omitted). "To make a prima facie showing of personal jurisdiction under Tennessee law, the factual allegations in the plaintiff's complaint, affidavits, and other evidentiary materials must establish sufficient contacts between the defendant and Tennessee with reasonable particularity." ***Crouch Ry. Consulting, LLC v. LS Energy Fabrication, LLC***, 610 S.W.3d 460, 470 (Tenn. 2020) (citation omitted).

When evaluating a Tennessee Rule of Civil Procedure 12.02 motion to dismiss for lack of jurisdiction, the trial court must accept the plaintiff's factual allegations as true and resolve factual disputes in the plaintiff's favor. ***Id.*** (citation omitted). Although the court must be careful "to avoid improperly depriving the plaintiff of its right to have its claim adjudicated on the merits[,]" it "is not obligated to accept as true allegations that are controverted by more reliable evidence and plainly lack credibility, conclusory allegations, or farfetched inferences." ***Id.*** (citations omitted). On appeal, our evaluation is the same as the trial court's. ***Id.***

## IV. Analysis

Under Tennessee's long-arm statutes, the jurisdictional reach of the Tennessee courts extends "'as far as constitutionally permissible[]'" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. ***Crouch***, 610 S.W.3d at 471 (quoting ***First Cmty. Bank***, 489 S.W.3d at 384 (quoting ***State v. NV Sumatra Tobacco Trading Co.***, 403 S.W.3d 726, 740 (Tenn. 2013))) (footnote omitted). As the Tennessee Supreme Court recently reiterated:

[T]he general formulation of what due process requires is that a nonresident

defendant have "certain minimum contacts" with a state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339 (1940)). The analysis of whether the defendant's contacts with the state satisfy due process "cannot be simply mechanical or quantitative." *Id*. at 319. Instead, courts must look to "the quality and nature" of the defendant's activities. *Id*. Furthermore, this inquiry focuses not on the relationship between the defendant and the plaintiff or other persons residing in the forum state, but rather on the defendant's relationship to the forum state itself. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017); *First Cmty. Bank*, 489 S.W.3d at 394. The approach long has been that "[i]n judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)).

*Baskin*, – S.W.3d –, 2003 WL 6304872, at *6.  This "focus on the relationship among the defendant, the forum state, and the litigation has led to the recognition of two subtypes of personal jurisdiction: general jurisdiction and specific jurisdiction." *Id.* (citations omitted). Further, "[t]he nature and extent of the defendant's contacts with the forum state generally determine which subtype applies, and the subtype, in turn, determines the breadth of potential legal claims that may be brought against the defendant in that forum."  *Id.* (citation omitted).

The jurisdictional question in this case is one of specific jurisdiction.  "In order for a state court to exercise specific jurisdiction, 'the *suit'* must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum.'*"  *Baskin*, – S.W.3d –, 2003 WL 6304872, at *6 (quoting *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255, 262, 137 S.Ct. 1773 (2017) (alterations in original) (quoting *Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S.Ct. 746 (2014))).  Additionally, the minimum contacts analysis requires the defendant to take "some act by which [it] *purposefully avails* itself of the privilege of conducting activities within the forum [s]tate" for that state to exercise specific jurisdiction over the defendant.  *Id.* at *7 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958) (emphasis added)).  Further, as the *Baskin* court reiterated:

Contacts with a forum state caused by the "unilateral activity of another party or a third person" are insufficient. *Burger King Corp. v Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985) (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Likewise, a nonresident defendant's "random," "fortuitous," or "attenuated" contacts are insufficiently deliberate to support specific

jurisdiction. *Id*. (quoting *Keeton*, 465 U.S. at 774, 104 S.Ct. 1473; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980). Moreover, courts must bear in mind that "the defendant's suit-related conduct must create a *substantial connection* with the forum [s]tate" to enable the exercise of specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (emphasis added); *see also Burger King*, 471 U.S. at 475, 105 S.Ct. 2174. To that end, the purposeful availment concept ultimately requires that the defendant's conduct and connection with the forum state must be such that the defendant reasonably should anticipate being haled into court in that state*. See, e.g., Burger King*, 471 U.S. at 474–75, 105 S.Ct. 2174; *see also Crouch*, 610 S.W.3d at 473.

*Id.* at *7. Moreover, "the existence of purposeful minimum contacts does not end the jurisdictional inquiry." *Id.* at *8. Even if the plaintiff has made a prima facia showing of minimum contacts, "the defendant may nevertheless 'present a compelling case' that the exercise of specific jurisdiction would be unfair or unreasonable." *Id.* (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174 (additional citation omitted).

Appellants argue that Appellees are subject to specific jurisdiction in Tennessee because the parties had a longstanding artist-manager relationship, which continued after Mr. Willliams relocated to Tennessee. Appellants further assert that Mr. Collins was "aware of [Mr. Williams'] relocation and . . . continued to act consistently with the parties' agreement and as [Mr. Williams'] personal manager." They additionally contend that Appellees consented to personal jurisdiction by entering into the February 2022 agreed order in VWillz's 2021 declaratory judgment action,

Appellees, on the other hand, argue that Mr. Williams' unilateral decision to relocate to Tennessee after the 2022 agreement was executed in Texas is not sufficient to establish that Appellees had minimum contacts with Tennessee such that the exercise of personal jurisdiction over them is fair. They also argue that Tennessee has no interest in adjudicating this dispute because the contract was executed in Texas, is governed by Texas law, and was intended to be performed in Texas.

We agree with the trial court that the facts do not support a finding of minimum contacts that would permit the exercise of specific personal jurisdiction over Appellees. Mr. Collins' declarations that he has never been to Tennessee or conducted business in Tennessee are not disputed. It also is undisputed that Mr. Collins is the sole member of PoweredbyCMG. Furthermore, PoweredbyCMG: (1) is not licensed to do business in Tennessee; (2) does not have an agent for service of process in Tennessee; (3) has no physical presence or bank account in Tennessee; and (4) has not advertised its services in Tennessee. Moreover, when Appellees began their business relationship with Mr. Williams in March 2020, Mr. Williams was not a resident of Tennessee. Although VWillz

was organized as a Tennessee limited liability company in 2021, when the parties executed their January 2022 agreement, Mr. Williams—VWillz's sole member—was a Colorado resident, and VWillz's office was located in Colorado. The 2022 agreement specifically provided that it was "deemed to have been made in the State of Texas" and governed by Texas law. It further provided that it was to be "wholly performed" in Texas. It is not disputed that Mr. Williams unilaterally decided to relocate to Tennessee in April 2022, and we agree with the trial court's conclusion that "there is nothing in the record to indicate that [Appellees] should have foreseen [Mr.] Williams moving to Tennessee." Appellees' only contact with Tennessee was to respond to Mr. Williams' communications and to interact with Mr. Williams' Tennessee legal counsel. Additionally, as noted above, our inquiry focuses on Appellees' relationship with Tennessee, not on Appellees' relationship with Appellants. *See Baskin*, – S.W.3d –, 2003 WL 6304872, at *6.

Appellants' argument that Appellees consented to the jurisdiction of Tennessee courts by entering into the agreed order in VWillz's 2021 declaratory judgment action is without merit. Appellees filed a Rule 12.02(2) motion to dismiss the 2021 action for lack of personal jurisdiction. The parties agreed to settle and dismiss the matter, and the trial court found that VWillz filed a notice of voluntary non-suit in the action. A non-resident defendant's motion to dismiss for lack of jurisdiction is not sufficient to establish minimum contacts such that the exercise of personal jurisdiction over the defendant is fair. *See Doe 1 v. Woodland Presbyterian Church*, 661 S.W.3d 87, 103 (Tenn. Ct. App. 2022). When addressing whether a joint motion for continuance constitutes a waiver of the defense of lack of personal jurisdiction, the Tennessee Supreme Court stated:

> Finally, and most importantly, as a matter of policy, we are simply unable to conclude that a joint motion for continuance constitutes a waiver of the right to raise personal jurisdiction, irrespective of whether the motion contains language which reserves defenses. Such a motion "in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court." *Patterson v. Rockwell International*, 665 S.W.2d 96, 100 (Tenn.1984). In accordance with the modern trend, and Rule 12.02 of the Tennessee Rules of Civil Procedure, . . . courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction. To the extent that prior judicial decisions can be read as requiring otherwise, they are overruled.

*Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994); *e.g., Assocs. Asset Mgmt., LLC v. Smith*, No. M2019-02217-COA-R3-CV, 2020 WL 6445019, at *1 (Tenn. Ct. App. Nov. 3, 2020) (citing *See Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994))("In Tennessee, a party makes a general appearance for the purposes of waiver by seeking affirmative action from the court on an issue related to the merits of the dispute."). Additionally, in *In re*

- 7 -

*Frumkin*, this Court held that, under *Landers*, a non-resident defendant does not make a general appearance and thereby consent to personal jurisdiction by filing responses to discovery requests before raising the issue in an initial filing. *In re Frumkin*, 912 S.W.2d 138, 140 (Tenn. Ct. App. 1995).

In the 2021 declaratory judgment action, Appellees' motion to dismiss on the ground of personal jurisdiction was pending when the trial court dismissed the action. Furthermore, there is nothing in the record to demonstrate that Appellees submitted to the jurisdiction of the Tennessee courts on an issue related to the merits. It appears that the only contact Appellees had with Tennessee is to communicate sporadically with Mr. Williams, who unilaterally decided to relocate to Tennessee after the 2022 contract was executed. We agree with the trial court that Appellees did not purposefully avail themselves of the privilege of conducting activities within Tennessee for the purpose of establishing the minimum contacts necessary for the exercise of personal jurisdiction over them.

Having determined that the trial court properly dismissed the lawsuit for lack of personal jurisdiction over Appellees, the issues raised by Appellees are not necessary to the disposition of this appeal. As such, they are pretermitted.

### V. Conclusion

The judgment of the trial court dismissing this matter for lack of personal jurisdiction over Appellees is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellants, VWillz, LLC, and Victor Williams, for which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE